# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-30018 |
| DERICK L. TURNER, | ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. Magistrate Judge:

This matter comes before the Court for a Report and Recommendation on Defendant Derick L. Turner's Motion to Dismiss (d/e 42) and Counterclaim (d/e 43) which the Court considers a Motion for Leave to file a Counterclaim. See Text Order entered August 31, 2017. Defendant Turner is proceeding pro se. He did not retain counsel and refused to accept appointment of counsel to represent him. See Minute Entries dated July 7, 2017 and July 27, 2017. For the reasons set forth below, the Court recommends that the Motions should be DENIED.

## BACKGROUND

On March 22, 2017, the Grand Jury in this District issued an Indictment (d/e 1) charging Defendant Turner with bank fraud in violation of 18 U.S.C. § 1344 (Count One); conspiracy to commit bank fraud in violation

of 18 U.S.C. § 371 (Count Two); aggravated identity theft in violation of 18 U.S.C. § 1028A (Count Five); and a knowing sale of a stolen vehicle that was taken across state boundary lines in violation of 18 U.S.C. § 2313 (Count Seven).

The Indictment alleges that Defendant Turner, his co-defendants, and other co-conspirators engaged in a scheme to defraud financial institutions insured by the Federal Deposit Insurance Company by fabricating counterfeit checks, depositing those into the financial institutions and obtaining cash back in the transactions, and by using stolen or otherwise false identification to facilitate the transactions at the financial institutions. The Indictment charges that Turner and the other members of the scheme to defraud conducted over 200 fraudulent transactions resulting in a loss or attempted loss to financial institutions of over $96,000.00. Indictment, Count One ¶¶ 2-6; Count Two ¶¶ 2-6. The Indictment also alleges that Turner possessed the means of identification of another person identified as "B.G." to commit the offense of bank fraud. Indictment, Count Five. The Indictment also alleges that Turner knowingly sold a stolen vehicle that has crossed state lines. Indictment, Count Seven.

The Indictment charges that Defendant Turner personally committed the following specific criminal acts:

- On or about January 13, 2016, Turner deposited a counterfeit check bearing #3071622 for $1,039.52 into his account at Land of Lincoln Credit Union, in Springfield, Illinois, and obtained $1,000.00 cash back. The counterfeit check that Turner allegedly passed in this transaction had a routing number of Heartland Bank and Trust Company.
- On January 14, 2016, Turner negotiated a counterfeit check bearing #82826310 for $1,000 cash at US Bank, Springfield, Illinois. The counterfeit check had a routing number of US Bank.
- On or about January 15, 2016, Turner deposited a counterfeit check bearing #3071682 for $1,025.89 into his account at Land of Lincoln Credit Union, in Springfield, Illinois, and obtained $1,000.00 cash back. The counterfeit check had a routing number of Heartland Bank and Trust Company.
- On or about March 4, 2016, Turner opened a checking account at First Convenience Bank. Turner used fraudulent identification documents bearing identifying information for a person identified in the Indictment and "B.G." to open the account. Turner deposited a counterfeit payroll check bearing check #007513526 in the amount of $769.32 and received $769.00 cash back.

Indictment, Count One ¶¶ 6.a. and 6.d.; Count Two ¶¶ 6.a. and 6.c.

- On or about July 7, 2015 Turner knowingly transferred, possessed and used the means of identification of another person, identified as "B.G.", during and in relation to the commission of a felony that included bank fraud.

Indictment, Count Five.

- On March 24, 2016, Turner went to the Elco Chevrolet automobile dealership (Dealership) located in Ballwin, Missouri. Turner presented fraudulent identification in the form of a false driver's license in the name of "B.G." to an employee of the Dealership in order to secure permission to test-drive a 2009 Pontiac G8 automobile (Pontiac). Turner then stole the Pontiac, which traveled across state lines from Missouri to Illinois. On July 6, 2016, Turner knowingly sold the stolen Pontiac to individuals identified as "S.L." and "L.B." Individual "L.B." provided Turner a loan draft in the sum of $8,500.00 payable to "B.G." as payment for the Pontiac. On July 7, 2016, Turner represented himself as "B.G." and cashed the $8,500.00 loan draft.

Indictment, Count Seven.

Turner moves to dismiss the Indictment on the following grounds:

1. The District Court lacks jurisdiction to hear this action;

2. The United States lacks standing to bring this action;

3. Venue is improper;

4. The Indictment does not charge him with the alleged crimes because the name Derick L. Turner appears in all capital letters; and

5. He changed his name to Turner Lamont El Dey and so is not the person identified in the Indictment as Derick L. Turner.

Turner also has filed a document entitled Counterclaim. He alleges claims against the United States for violation of his constitutional rights for illegally arresting him, holding him in custody, and subjecting him to this criminal proceeding. The District Court interprets the document as a Motion to file these claims against the United States.

## ANALYSIS

This Court addresses the Counterclaim first. Turner may not file a counterclaim in this case. The only allowed pleadings in a criminal proceeding are an indictment; an information; and pleas of not guilty, guilty, and nolo contendere. Fed. R. Crim. P. 12(a). If Turner wishes to pursue civil claims for violations of his constitutional rights, he must file a separate civil action. See e.g., Trejo v. Village of Itasca, 2004 WL 2608285, at *2

(N.D. Ill. November 16, 2004). The Counterclaim, interpreted as a Motion for leave to file a counterclaim should be denied.

Turner may file a pretrial Motion to Dismiss. He may challenge the sufficiency of the Indictment. Fed. R. Crim. P. 12(b)(3)(B). He may challenge venue by pretrial motion. Fed. R. Crim. P. 12(b)(3)(A). Turner may also challenge whether the Court has jurisdiction. Fed. Crim. P. 12(b)(2). The Motion to Dismiss, however, should be denied on the merits.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is constitutionally sufficient and meets the requirement of Rule 7(c)(1) it (i) states the elements of the offense charged, (ii) fairly informs the defendant of the nature of the charge so that he or she may prepare a defense, and (iii) enables the defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offense. United States v. Boender, 691 F. Supp. 2d 833, 837 (N.D. Ill. 2010) (citing United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir.1997). The Indictment (d/e1) in this case meets these requirements. The Indictment recites the elements of the offenses, informs Turner of the nature of the charges, and will enable Turner to raise acquittal or conviction as a bar to future prosecution.

Turner argues that the District Court lacks the subject matter jurisdiction. Turner is incorrect. Article III of the Constitution authorizes Congress to establish inferior federal courts under the Supreme Court. U.S. Const. art. III § 1. Pursuant to that authority, Congress determines the jurisdiction of federal Courts. Tennessee v. Davis, 100 U.S. 257, 263-64 (1879). See also Lamar v. United States, 240 U.S. 60, 64-65 (1916). Congress has established the District Court. 28 U.S.C. § 93(b). Congress authorized the District Court to hear federal criminal cases such as this one. 18 U.S.C. § 3231. As the Seventh Circuit has stated, "The 'subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the "jurisdictional" inquiry.'" United States v. Krilich, 209 F.3d 968, 972 (7th Cir. 2000) (quoting Hugi v. United States, 164 F.3d 378, 381 (7th Cir. 1999)).

Congress further has the authority to decide what constitutes a federal crime through the exercise of its enumerated powers. See United States v. Comstock, 560 U.S. 126, 135-36 (2010). Congress established that Turner's alleged acts, as charged in the Indictment, are federal felony

crimes. 18 U.S.C. §§ 1344 (Count One), 371 (Count Two), 1028A (Count Five), and 2313 (Count Seven).

The grand jury had the authority to indict Turner. The Constitution requires that felony charges must be brought by a presentment or indictment of a grand jury. U.S. Const. Amend V. Congress authorized the Supreme Court to promulgate rules of practice and procedure in this Court. 28 U.S.C. §§ 2071-72. Pursuant to that authority, the Supreme Court adopted rules that authorized the District Court to summon a grand jury. Fed. R. Crim. P. 6(a). The Rules further authorized the grand jury, in turn, to issue the Indictment in this case. Fed. R. Crim P. 6(f) and 7; see Indictment (d/e 1).

The Assistant U.S. Attorney has authority to bring this action on behalf of the Government. Article II of the Constitution authorizes the President to exercise the executive power of the United States. U.S. Const. art. II § 1, cl. 1. Article II further authorizes the President to appoint inferior officers established by law to execute the laws of the United States. U.S. Const. art. II, § 2, cl. 1. Congress established the offices of U.S. Attorneys and Assistant U.S. Attorneys as inferior officers authorized to prosecute federal crimes in federal court. 28 U.S.C. §§ 541, 542, 547. The

Government through the Office of the U.S. Attorney and the Assistant U.S. Attorney has the authority to prosecute this action.

Turner argues that the Government cannot establish standing to bring this action and cannot established that this action is a case or controversy. The cases cited by Turner all relate to civil actions. This is a criminal action. Those civil cases do not apply. As explained above, Congress has the authority to determine what constitutes a federal crime. <u>Davis</u>, 100 U.S. at 263-64. The properly issued Indictment charging Turner with federal crimes establishes a federal criminal case or controversy. This Court has jurisdiction to hear this action. 18 U.S.C. § 3231. The United States Attorney and his Assistant United States Attorney have authority to prosecute this action. 28 U.S.C. §§ 541, 542, 547. The Government has standing and the Indictment establishes a case or controversy exists. The Court has subject matter jurisdiction to hear this case.

Turner argues that venue is improper. Turner is incorrect. Venue is proper in any District in which the charged offenses began, continued, or were completed. 18 U.S.C. § 3237. The Indictment charges that some part of each offense occurred in this District. Venue is proper.

Turner argues that The Indictment does not charge him with the alleged crimes because the name Derick L. Turner appears in all capital

letters.  This argument is frivolous and preposterous.  The District Court should summarily reject this argument.  See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (Frivolous theories should be rejected summarily, however presented.).

Turner argues that he changed his name to Turner Lamont El Dey and so is not the person identified in the Indictment as Derick L. Turner. See Declaration of Nationality, Name Change and Affidavit (d/e 63), at 1. Turner is incorrect.  He did not legally change his name. Turner must file a petition in state court to change his name and secure a court order approving of the proposed name change.  735 ILCS 5/21-101 through 5/21-105.  He did not follow this process and so, did not change his name.

Rather, Turner filed in the Illinois Circuit Court for Sangamon County, Illinois, on April 13, 2017, a document entitled Affidavit of Fact and Surrender of the Alleged Defendant/Legal Person/Legal Entity "DERICK LAMONT TURNER" (d/e 49).  The document states that Turner does "hereby surrender the legal entity 'DERICK TURNER', 'DERICK L TURNER', and or 'DERICK LAMONT TURNER' by way of certified copy of 'CERTIFICATE OF BIRTH'.  The document has attached a copy of Turner's birth certificate.  As the Court previously ruled, the document with the accompanying birth certificate establishes that Turner is in fact the

Defendant Derick L Turner charged in the Indictment.  <u>Minute Entry entered July 27, 2017</u>.  The document further did not legally change Turner's name.  <u>See</u> 735 ILCS 5/21-105 (Invalidity of common law name changes after July 1, 2010).

Turner is properly charged in the Indictment.  The District Court has subject matter Jurisdiction to hear this case.  The Government has the authority to bring this case.  The Motion to Dismiss the Indictment should be denied.

THEREFORE, this Court recommends that Motion to Dismiss (d/e 42) and Counterclaim (d/e 43) which the Court considers to be a Motion for Leave to file a Counterclaim should be DENIED.

This Court advises the parties that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).  Failure to file a timely

objection will constitute a waiver of objections on appeal. See Fed. R. Crim. P. 59(b)(2); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

ENTER: September 7, 2017

                         **s/ Tom Schanzle-Haskins**
                         UNITED STATES MAGISTRATE JUDGE