IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cr-30018-3 |
| | ) | |
| **DERICK L. TURNER,** | ) | |
| | ) | |
| Defendant | ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 82). Judge Schanzle-Haskins recommends that this Court deny Defendant Derick L. Turner's Motion to Dismiss (d/e 42) and Counterclaim (d/e 43), which the Court considers a Motion for Leave to file a Counterclaim. See Text Order (Aug. 31, 2017).

Objections to the Report and Recommendation were due on September 22, 2017. On September 15, 2017, Defendant filed a Rebuttal Brief (d/e 86) reasserting that this Court lacks jurisdiction to hear this action, that the Government lacks standing to bring

this action, and that venue is improper.  The Court considers the brief to be an objection to the Report and Recommendation.

On September 19, 2017, Defendant filed an Order for Dismissal (d/e 91) seeking dismissal of this action on the grounds that the Court does not have jurisdiction, the Government does not have standing, and that the Superseding Indictment[1] does not properly charge him because the name Derick L. Turner appears in all capital letters and because the entity Derick L. Turner is fictitious.

The Court reviews <u>de novo</u> any part of the Report and Recommendation to which a proper objection has been made.  Fed. R. Crim. P. 59(b)(3).

First, Judge Schanzle-Haskins found that Defendant's Motion for Leave to File a Counterclaim (d/e [43]) must be denied because a counterclaim is not an allowed or proper pleading in a criminal case.

---

[1] On September 6, 2017, the Government properly filed a Superseding Indictment as to Defendant and two other co-Defendants.  In his September 15, 2017 brief (d/e 86), Defendant reasserted his prior defenses to the initial Indictment to the Superseding Indictment.  Therefore, the Court considers Defendant's September 19, 2017 brief (d/e 91) to apply to the Superseding Indictment as well.

Second, Judge Schanzle-Haskins concluded that the Indictment[2] is constitutionally sufficient and meets the requirements of Federal Rule of Criminal Procedure 7(c)(1) because it states the elements of the offenses charged, fairly informs Defendant of the nature of the charges so that he may prepare a defense, and enables Defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offenses. Judge Schanzle-Haskins further found that this Court has subject matter jurisdiction over this proceeding because the charges are federal statutory felonies. Judge Schanzle-Haskins also concluded that the Assistant U.S. Attorney has statutory authority and standing to bring and prosecute this action on behalf of the Government. Moreover, Judge Schanzle-Haskins found that venue is proper in this District because some aspect of each offense occurred in this District. Finally, Judge Schanzle-Haskins rejected Defendant's argument that the Indictment does not properly charge him because the name Derick L. Turner appears in all capital letters.

---

[2] The Report and Recommendation was issued on September 8, 2017, two days after the Government filed the Superseding Indictment. This Court accordingly considers the Report and Recommendation to apply to the Superseding Indictment.

Defendant has not legally changed his name and the birth certificate that Defendant filed at docket entry 49 establishes that he is Derick L. Turner.

After reviewing the record, the Report and Recommendation, the parties' motions and briefs, and the applicable law, this Court finds no clear error in the Report and Recommendation. The Court adopts the Report and Recommendation as to all issues not objected to by Defendant.

Defendant responded to the Report and Recommendation and reasserted his contention that the action must be dismissed as to the Superseding Indictment (d/e 86). Addressing Defendant's objection to the Report and Recommendation <u>de novo</u>, this Court rejects Defendant's argument that the Superseding Indictment must be dismissed because it names a fictitious corporation, the United States, as the plaintiff. The United States Government is an existing, real entity that has standing to prosecute violations of federal criminal law. 28 U.S.C. § 547(1) ("each United States attorney, within his district, shall prosecute for all offenses against the United States.").

The Court further rejects Defendant's contention that the Superseding Indictment should be dismissed because this action falls under maritime and admiralty jurisdiction and Defendant never entered into a contract that submitted him to that jurisdiction. The cases cited by Defendant all relate to civil and maritime actions. This is a criminal action—therefore, neither civil case law nor maritime and admiralty law apply. Congress has the authority to determine what constitutes a federal crime. Davis, 100 U.S. at 263-64. The properly issued Superseding Indictment charging Turner with federal crimes establishes a federal criminal case or controversy. This Court, therefore, has jurisdiction to hear this action. 18 U.S.C. § 3231. The absence of a contractual agreement between Defendant and the Government does not vitiate the Government's standing to bring this action nor the propriety of venue in this District. U.S. Const. art. II; 28 U.S.C. § 547.

The Court also addresses Defendant's Order for Dismissal (d/e 91). Defendant argues that this action should be dismissed because it was brought against a deceased individual or a fictitious corporation. Defendant is neither deceased, evidenced by his filing of his brief, nor is he a fictitious corporation. The birth certificate

that Defendant filed at d/e 49 indicates that he is a real, existing individual. Further, the fact that the Superseding Indictment states the name Derick L. Turner in all capital letters does not change the identity of to whom the Superseding Indictment applies nor does it affect the force of the indictment against Defendant. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (Frivolous theories should be rejected summarily, however presented.).

Finally, Defendant has also made several other filings since Judge Schanzle-Haskins issued his Report and Recommendation. Docket entries 87 and 88 are duplicative portions of Defendant's filings at docket entries 44 through 49. Accordingly, the Court does not address them. Docket entry 89 is a duplicate of Defendant's Motion to Dismiss (d/e 42) and docket entry 90 is a duplicate of Defendant's Motion for Leave to File a Counterclaim (d/e 43). Therefore, the motions at docket entries 89 and 90 are disposed of in this Order along with the motions at docket entries 42 and 43.

**IT IS THEREFORE ORDERED THAT:**

**(1) The Report and Recommendation (d/e 82) is ADOPTED as to all issues not objected to by Defendant—the**

**proposed counterclaim, the Assistant U.S. Attorney's standing, and venue.**

(2)   **Defendant's Motion to Dismiss (d/e 42, 89) and Motion for Leave to File Counterclaim (d/e 43, 90) are DENIED.**

(3)   **Defendant's request for dismissal of this action (d/e 91) is also DENIED.**

**IT IS SO ORDERED.**

**ENTER: September 26, 2017**

FOR THE COURT:             <u>s/ Sue E. Myerscough</u>
                                                SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE